UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE ALAN HOWARD,

       Petitioner,

v.                                 Case No. 2:06-cv-11197

MILLICENT WARREN,

       Respondent.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
COURT OF APPEALS FOR THE SIXTH CIRCUIT
PURSUANT TO U.S.C. § 2244(b)(3)(A)**

       Petitioner Bruce Alan Howard has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted in 1993 of four counts of armed robbery and one count of assault with intent to rob while armed.  He is serving concurrent sentences of fifteen to thirty years for the armed robberies and ten to twenty years for the assault.  The Michigan Court of Appeals affirmed Petitioner's convictions, and on July 25, 1997, the Michigan Supreme Court denied him leave to appeal.   In 2001, Petitioner attacked his state convictions in an application for writ of habeas corpus.  United States District Judge Victoria A. Roberts dismissed the habeas petition for failure to comply with the statute of limitations.  *See Howard v. Cason*, No. 01-CV-72774-DT (E.D. Mich. Apr. 2, 2002).  Petitioner filed the habeas corpus petition currently pending before the court on March 21, 2006.

       An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the

petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The Sixth Circuit has held that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not alleged or otherwise demonstrated that he received permission from the Court of Appeals to file a second or successive habeas petition. Accordingly, the Clerk of Court is ORDERED to TRANSFER this case to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

       S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 27, 2006

---

[1] Section 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 27, 2006, by electronic and/or ordinary mail.

                                        S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522